### LANDRY vs. BROUSSARD.

No appeal lies from the allowance of improper exceptions to interrogatories.

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. The defendant sued for the payment of the price of a tract of land, pleaded, that the plaintiff and he had subsequently agreed to rescind the sale, and he annexed interrogatories to the answer, by which the plaintiff was called on to state, whether or not such an agreement had been made.

The plaintiff excepted to these interrogatories because it was no where alleged in them, or in the answer of the defendant, that the property had been delivered, and that without delivery, no such interrogatories could be put in relation to immoveable property. *C. Code, no.* **2255.**

If the case was before us in such a shape, that the question here raised could be gone into, the exceptions would perhaps be found to have

been prematurely taken. They would rather
seem to belong to observations *on* the evidence,
than be an objection to the plaintiff's answering; for *non constat* that the defendant might not have proved the delivery by other testimony. If he failed to offer that proof, or if it could not be received by a want of proper allegations in the answer, the exceptions would belong to another stage of the cause.

But we express no decided opinion on this point, for the case is not such a one as we can take cognizance of at present. It is not every erroneous decision of the inferior courts that will authorise an appeal to this. The judgment or order must be such as may work an irreparable grievance, or in other words it must be one that cannot be remedied after final judgment. Admitting therefore that being compelled to tell the truth is a great grievance to the plaintiff, we cannot consider it an irreparable one. Any injury he may sustain from it can be corrected after the case is finally disposed of below.

It is therefore ordered, adjudged and decreed, that this appeal be dismissed with costs.

*Simon* for the plaintiff, *Bowen* for the defendant,